IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| AFFILIATE MERCHANDISE GROUP, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SELECTIVE INSURANCE COMPANY OF )<br>AMERICA, )<br>)<br>    Serve at: )<br>    40 Wantage Ave. )<br>    Branchville, NJ 07890 )<br>)<br>    Defendant. ) | Cause No.:<br><br>Division No.: |

## PETITION

COMES NOW Plaintiff Affiliate Merchandise Group, LLC, by and through undersigned counsel, and for its Petition, states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Affiliate Merchandise Group, LLC (hereinafter "Affiliate") is a Missouri limited liability company authorized to do business.

2. Defendant Selective Insurance Company of America (hereinafter "Selective") is an insurance carrier authorized to conduct business in the State of Missouri.

3. Affiliate operates a screen-printing business in the City of St. Louis, State of Missouri.

4. Selective issued a commercial insurance policy, Policy No. S 2033450 (hereinafter "the Policy"), that provided property damage coverage and business income coverage.

5. On or about November 14, 2017, Affiliate's premises in the City of St. Louis sustained a fire and associated fire damage.

Exhibit A

6. Among other things, the fire damaged the premises and various pieces of equipment used in the operation of the business.

7. Following the fire, Affiliate made a claim with Selective, its insurer.

8. Selective investigated the claim assisted in the repair, replacement, and remediation of certain equipment that was damaged in connection with the fire.

9. Subsequent to this, Affiliate experienced significant changes in its operations due to various problems with its equipment.

10. Specifically, Affiliate experienced a 400% increase in the cost of repairing its equipment during the year of 2018 over the average cost of repairs it typically experienced through 2015 to 2017.

11. Affiliate experienced a 375% increase in the cost of repairing its equipment for the year of 2019.

12. Affiliate brought these issues to the attention of Selective.

13. Selective brought in experts it retained to evaluate whether the increased repair costs and other issues could be related to the November 14, 2017 fire incident.

14. Selective's expert unreliable methods to determine whether or not there had been more subtle fire, smoke damage, or contamination to Affiliate's equipment and then concluded that the damage was unrelated to the November 14, 2017 incident.

15. In response, Affiliate was forced to find its own expert to evaluate the issue who utilized reliable research to evaluate the impact of the November 14, 2017 fire incident on Affiliate's equipment.

Exhibit A

16. Through this process Affiliate was able to determine that the following pieces of equipment utilized in its business have either been damaged as a result of the fire or the failure of Selective properly repair and/or remediate them:

   a. Falcon Unit;

   b. Anatol Unit;

   c. RPM Units 1, 5, and 6.

17. Despite being presented with the evidence from Affiliate, Selective refused to repair or replace any of the damaged equipment.

18. The refusal of Selective to compensate Affiliate for its fire related losses fully has left Affiliate with the cost of replacing and repairing equipment and significant declines in its ability to operate at full capacity, leading to an ongoing loss in business income.

## COUNT I – BREACH OF CONTRACT

COMES NOW Plaintiff Affiliate Merchandise Group, LLC, by and through undersigned counsel, and for Count II of its Petition, states as follows:

19. Affiliate incorporates the allegations of paragraphs 1 through 18 of its Petition as if fully set forth herein.

20. Affiliate has paid its premium as agreed for the property damage and business income coverages of the Policy.

21. Affiliate has further complied with the terms and conditions of the Policy.

22. Under the terms of the policy, Selective must cover the cost of repairing, replacing and/or remediating the equipment of Affiliate's that was damaged as a result of the fire.

Exhibit A

23. Furthermore, Selective is also obligated to cover the Affiliates business income losses as a result of the fire and the failure of Selective to pursue appropriate repair of the damaged equipment.

24. Despite Selective's contractual obligations under the terms of the insurance policy, Selective has refused to cover the other damages that have been discovered subsequent to the initial insurance claim and repair process.

25. As a direct and proximate result of Selective's breach of its contract, Affiliate has sustained damage in repair costs, replacement costs, and lost business income among other things.

WHEREFORE, Plaintiff Affiliate Merchandise Group, LLC prays that this Court enters its judgment in favor of Plaintiff Affiliate Merchandise Group, LLC and against Defendant Selective Insurance Company of America in a fair and reasonable amount in excess of $25,000 for its damages, along with court costs, and for such other and further relief this Court deems necessary and proper under the circumstances.

## COUNT II – VEXATIOUS REFUSAL

COMES NOW Plaintiff Affiliate Merchandise Group, LLC, by and through undersigned counsel, and for Count I of its Petition, states as follows:

26. Affiliate incorporates the allegations of paragraphs 1 through 25 of its Petition as if fully set forth herein.

27. Under V.A.M.S. § 375.420 (2020), an insurance that unreasonably and vexatiously denies a claim is liable for additional damages beyond the amount owed under the insurance policy at issue, which include a penalty of 20% of the first $1,500 of the damages, a penalty of 10% for any amount of actual damages in excess of $1,500, and attorneys' fees.

28. Here, the conduct of Selective is clearly unreasonable and vexatious.

29. Selective has been confronted with expert reports and industry research clearly showing the affects of fire damage on the equipment at issue in this case.

30. Despite this Selective has refused to consider this evidence and denied Affiliate's claim.

31. Such conduct on the part of Selective entitles Affiliate to the penalties under the vexatious refusal statute and attorneys' fees under the statute.

WHEREFORE, Plaintiff Affiliate Merchandise Group, LLC prays that this Court enters its judgment in favor of Plaintiff Affiliate Merchandise Group, LLC and against Defendant Selective Insurance Company of America in a fair and reasonable amount in excess of $25,000 for its damages, along with court costs, penalties under V.A.M.S. § 375.420, attorneys' fees, and for such other and further relief this Court deems necessary and proper under the circumstances.

                RYNEARSON SUESS SCHNURBUSCH
                CHAMPION, LLC.

BY:   /s/ Debbie S. Champion
        Debbie S. Champion,    #38637
        Victor H. Essen, II      #57629
        500 North Broadway, Suite 1550
        St. Louis, MO 63102
        314-421-4430 / FAX: 314-421-4431
        dchampion@rssclaw.com
        vessen@rssclaw.com
        ***Attorneys for Plaintiff***

**2022-CC10397**

Electronically Filed - City of St. Louis - November 30, 2020 - 01:42 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| AFFILIATE MERCHANDISE GROUP, LLC, ) <br>  ) <br>    Plaintiff,                   ) <br>                                        ) <br> v.                                  ) <br>                                       ) <br> SELECTIVE INSURANCE COMPANY OF ) <br> AMERICA,                   ) <br>                                       ) <br>    Serve at:                      ) <br>    40 Wantage Ave.          ) <br>    Branchville, NJ 07890      ) <br>                                         ) <br>    Defendant.                 ) | Cause No.: <br><br> Division No.: |

## REQUEST FOR SUMMONS

COMES NOW Plaintiff Affiliate Merchandise Group, LLC, by and through undersigned counsel, and requests the following Summons:

1. Summons ordered to issue upon Defendant Selective Insurance Company of America, to be served at 40 Wantage Avenue, Branchville, New Jersey, 07890. Summons to be returned to Attorney Debbie S. Champion, attorney for Plaintiff, for service by Sussex County Sheriff (State of New Jersey).

                                      RYNEARSON SUESS SCHNURBUSCH
                                      CHAMPION, LLC.

             BY:    /s/ Debbie S. Champion
                      Debbie S. Champion,    #38637
                      Victor H. Essen, II       #57629
                      500 North Broadway, Suite 1550
                      St. Louis, MO 63102
                      314-421-4430 / FAX: 314-421-4431
                      dchampion@rssclaw.com
                      vessen@rssclaw.com
                      ***Attorneys for Plaintiff***

Exhibit A



## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number:  2022-CC10397 | |
|---|---|---|
| Plaintiff/Petitioner:<br>AFFILIATE MERCHANDISE GROUP, LLC<br><br>                                                                     vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DEBBIE S CHAMPION<br>500 NORTH BROADWAY STE 1550<br>ST LOUIS, MO  63102 | |
| Defendant/Respondent:<br>SELECTIVE INSURANCE COMPANY OF AMERICA | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Breach of Contract | | |

### Summons for Personal Service Outside the State of Missouri
**(Except Attachment Action)**

**The State of Missouri to:**   SELECTIVE INSURANCE COMPANY OF AMERICA
                                                **Alias:**

**40 WANTAGE AVE.**
**BRANCHVILLE, NJ  07890**                                                                                       **SUSSEX COUNTY, NJ**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**December 2, 2020**                                                                    *Thomas Kloeppinger*
_____                            _____
                          Date                                                                                           Clerk

*CITY OF ST LOUIS*

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                            _____
          Printed Name of Sheriff or Server                                                         Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                             ☐ the judge of the court of which affiant is an officer.
                             ☐ authorized to administer oaths in the state in which the affiant served the above
                                summons. (use for out-of-state officer)
                             ☐ authorized to administer oaths.  (use for court-appointed server)

                                                                                                                   _____
*(Seal)*                                                                                                                     Signature and Title

**Service Fees**
Summons        $_____
Non Est            $_____
Mileage          $_____ (_____ miles @ $ _____ per mile)
**Total**               **$_____**

**See the following page for directions to officer making return on service of summons.**

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.